UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS E. ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>HALLIDAY, WATKINS, MANN, PC, JASON B TINGLE, GERALD M HUNTER, STACIE RUFFING, STEWART TITLE COMPANY, FAIRWAY INDEPENDENT MORTGAGE CORPORATION, MERSCORP HOLDINGS, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), IDAHO HOUSING AND FINANCE ASSOCIATION, GARY ROSS, AMBER MARICIO,<br><br>　　　　　Defendants. | 4:25-CV-04024-CCT<br><br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OR DISQUALIFICATION** |

Plaintiff, Douglas E. Anderson, moves for an order of recusal or disqualification of the undersigned judge under 28 U.S.C. §§ 144 and 455, asserting that Judge Theeler's "**impartiality might reasonably be questioned**[.]" Docket 33 at 2 (bold in original). Mr. Anderson contends that Judge Theeler's impartiality might reasonably be questioned for the following reasons:

1. **Personal bias or prejudice concerning a party, or personal knowledge of disputed facts** (*Liljeberg v. Health Servs. Acquisition Corp.*, 486 US. 847, 859 (1988)).

1

2. **Prior employment as a lawyer, private member of the BAR, adviser, or judge in the same matter or involving the same parties** (*In re Murchison*, 349 U.S. 133, 136 (1955)).
3. **Financial or personal relationships creating an appearance of impropriety** (*Republic of Panama v. Am. Tobacco Co.,* 217 F.3d 343, 347 (5th Cir. 2000)).

*Id.* (bold in original). In support of this motion, Mr. Anderson attaches what appears to be the annual report for the Second Judicial Circuit Bar Association, a Wikipedia page about Judge Theeler, a press release related to administrative law judges, and an article titled "*The Twelve Presumptions of Court We Now Deny.*" Docket 1-1.

Mr. Anderson also filed a motion to stay all further proceedings until his motion to recuse Judge Theeler is resolved. Docket 35. Within this motion, Mr. Anderson provided additional information about the reasons he seeks to recuse Judge Theeler. *See generally id.* In particular, he contends Judge Theeler "**improperly allowed defense counsel to file an untimely motion of appearance**" and that her "**prior affiliation with the Second Judicial Circuit Bar Association . . . presents an actual and apparent conflict of interest.**" *Id.* at 2 (bold in original).

Under § 455(a), any judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 445(a). This section requires disqualification "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (citation omitted). Section 455(b) sets out further

situations when recusal is required, including when a judge has a bias or prejudice concerning a party or personal knowledge of disputed facts, a judge was previously in private practice with a lawyer on the matter in controversy, or a judge was in government employment and expressed an opinion concerning the merits of the particular case. 28 U.S.C. § 455(b). However, "[o]pinions based on facts or events occurring in a judicial proceeding 'do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *United States v. Minard*, 856 F.3d 555, 557 (8th Cir. 2017) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Importantly, "[a] judge is presumed to be impartial, and 'the party seeking disqualification bears the substantial burden of proving otherwise.'" *United States v. Denton*, 434 F.3d 1104, 111 (8th Cir. 2006) (quoting *Fletcher*, 323 F.3d at 664).

    Here, Mr. Anderson has not met his burden of demonstrating recusal is appropriate under either section. First, Mr. Anderson's conclusory and unsubstantiated allegations would not cause a reasonable person to question the Court's impartiality. Second, as it pertains to the Court's judicial ruling on a motion in Mr. Anderson's case, he has not shown that such ruling displayed a deep-seated favoritism or antagonism making fair judgment impossible.

    Accordingly, it is hereby

    ORDERED that Mr. Anderson's motion for recusal or disqualification, Docket 33, is DENIED. It is further

ORDERED that Mr. Anderson's motion to stay, Docket 35, is denied as moot.

Dated March 25, 2025.

        BY THE COURT:

        /s/ *Camela C. Theeler*
        CAMELA C. THEELER
        UNITED STATES DISTRICT JUDGE