UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS E. ANDERSON,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>HALLIDAY, WATKINS, MANN, PC,<br>JASON B TINGLE, GERALD M<br>HUNTER, STACIE RUFFING, STEWART<br>TITLE COMPANY, FAIRWAY<br>INDEPENDENT MORTGAGE<br>CORPORATION, MERSCORP<br>HOLDINGS, INC., MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, INC. (MERS), IDAHO<br>HOUSING AND FINANCE<br>ASSOCIATION, GARY ROSS, AMBER<br>MARICIO,<br><br>　　　　　　Defendants. | 4:25-CV-04024-CCT<br><br><br>**MEMORANDUM OPINION AND<br>ORDER OF DISMISSAL** |

Pending before this Court are several motions filed by pro se plaintiff,

Douglas E. Anderson, and multiple dispositive defense motions, including two

motions to dismiss and a motion for judgment on the pleadings. Dockets 5, 11,

26, 27, 34, 36, 40, 43, 44, 46, 52, 57, 59, 65–67, 69, 71, 73, 75, and 76. Mr.

Anderson filed an opposition, Docket 22, to one motion to dismiss and

thereafter filed over fifty additional docket items, including judicial notices,

declarations, affidavits, supplements, and other documents.[1] For the following

---

[1] These filings are listed and cited below.

reasons, the Court grants both motions to dismiss, the motion for judgment on the pleadings, and dismisses the matter in its entirety.

## BACKGROUND

On February 18, 2025, Mr. Anderson filed a complaint against Halliday, Watkins, Mann, P.C., Fairway Independent Mortgage Corp., Jason B. Tingle, Gerald M. Hunter, Stacie Ruffing, Stewart Title Co., MERSCORP Holdings, Inc., Mortgage Electronic Registration Systems, Inc. (MERS), Idaho Housing and Finance Association, Gary Ross, and Amber Maricio. Docket 1. Mr. Anderson's complaint alleges federal question and diversity jurisdiction. Docket 1 at 7. Under a subsection for factual allegations, Mr. Anderson provides: "All allegations remain unchanged and intact, detailing the fraudulent mortgage loan, wrongful foreclosure, fraudulent assignments, and unlawful debt collection." *Id.* He then asserts six causes of action. *Id.* at 7–8.

In count one, he alleges fraudulent foreclosure and lack of standing in violation of the Truth in Lending Act, 15 U.S.C. § 1601. *Id.* Count two alleges false representation of debt collection status and a failure to provide proper debt valuation in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. *Id.* at 8. Count three alleges mail fraud under 18 U.S.C. § 1341 and wire fraud under 18 U.S.C. § 1343. *Id.* Under count four, Mr. Anderson asserts a violation of the Racketeer Influenced and Corruption Organizations Act (RICO), 18 U.S.C. § 1961. *Id.* In count five, Mr. Anderson claims that the defendants violated the Dodd-Frank Act, 12 U.S.C. § 5481. *Id.* Count six alleges a violation of the Hobbs Act, 18 U.S.C. § 1951. *Id.* Mr. Anderson seeks a

declaratory judgment that the foreclosure is void, a compensatory damage award of $1 trillion, punitive damages of not less than $100 million, injunctive relief, and attorney fees and costs. *Id.*

Defendants Halliday, Watkins, Mann, P.C., Jason B. Tingle, Gerald M. Hunter, Stacie Ruffing, Idaho Housing and Finance Association, Gary Ross, and Amber Maricio (collectively "the Halliday Defendants") filed a motion to dismiss Mr. Anderson's complaint pursuant to Federal Rules of Civil Procedure 12, 8, and 9, arguing that his complaint "is the epitome of a 'shotgun' or 'kitchen sink' pleading" preventing them from formulating a response.[2] Docket 5 at 1. They further assert that Mr. Anderson's claims alleging a violation of the Truth and Lending Act are barred by the expiration of the applicable statute of limitations and that counts three, four, and six are barred because the laws cited in support do not allow for a private right of action. *Id.* at 2.

Defendant Amber Mauricio filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and requested an award of attorney fees under SDCL § 15-17-51. Docket 11 at 2. She notes that Mr. Anderson has already filed suit against the majority of the current defendants (not her) based on the same factual allegations and that the case was dismissed with prejudice. *Id.* at 2–3 (citing *Anderson v. Idaho Hous. and Fin. Ass'n*, No. 4:23-cv-4036, 2023 WL 3764947 (D.S.D. June 1, 2023)). According to Ms. Mauricio, Mr. Anderson's current complaint is devoid of factual allegations pertaining to her, the

---

[2] Although included by name in the Halliday Defendants' motion to dismiss, Amber Maricio filed a separate motion to dismiss.

complaint fails to meet the pleading requirements of Federal Rule of Civil Procedure 8(a), and the complaint, on its face, fails to state a claim upon which relief may be granted. *Id.* at 2–3. Ms. Mauricio requests an award of attorney fees, asserting Mr. Anderson brought this suit for malicious purposes and/or that his suit is frivolous. *Id.* at 4.

Defendant Stewart Title Company (Stewart Title) filed an answer, Docket 18, and a motion for judgment on the pleadings, Docket 44. While Stewart Title joins the Halliday Defendants' motion to dismiss, it seeks dismissal of Mr. Anderson's complaint pursuant to Federal Rule of Civil Procedure 12(c), alleging that the complaint is "fundamentally defective[.]" Docket 45 at 2–3. Stewart Title notes that Mr. Anderson's suit is against twelve different defendants but does not plead any facts describing the unlawful conduct by the defendants and does not differentiate the defendants from each other. *Id.* at 2.

Mr. Anderson did not file a response to the Halliday Defendants' motion to dismiss or Stewart Title's motion for judgment on the pleadings. However, he filed a response to Ms. Mauricio's motion to dismiss, asserting his complaint contains sufficient factual matter to state a plausible claim, summary judgment is inappropriate, Ms. Mauricio failed to comply with Rule 8(b), and this Court should disregard her attorney's representation in the motion

because he lacks first-hand knowledge of the facts. Docket 22 at 1–2. Then,

from March to August 2025, Mr. Anderson filed the following:[3]

- Motion for default judgment as to Stewart Title, Docket 26.
- Motion to strike appearances of attorneys for Stewart Title, Docket 27.
- Motion to disqualify attorneys for Halliday, Watkins, Mann, Docket 34.
- Motion to amend the complaint, Docket 36.
- Notice of filing a criminal complaint, Docket 38.
- Motion for joinder of defendants, compel response to complaint, and order to show cause, Docket 40.
- Request for judicial notice of state court proceedings against him, Docket 42.
- Motion for temporary restraining order and preliminary injunction, Docket 43.
- Motion to compel full disclosure by Stewart Information Services Corporation, Docket 46.
- Supplemental notice, Docket 47.
- Judicial notice to enter Mr. Anderson's exhibits on the record, Docket 50.
- Judicial notice of fraud, collusion, and complicity, Docket 51.
- Motion to strike filings by attorney for Halliday, Watkins, Mann, Docket 52.
- Judicial notice to enter Mr. Anderson's exhibits on the record, Docket 53.
- Judicial notice to enter Mr. Anderson's exhibits on the record, Docket 54.
- Notice to the Securities and Exchange Commission, Docket 55.
- Motion for sanctions against attorney for Stewart Title, 57.
- Notice of SEC corporate structure and liability disclosure, Docket 58.
- Supplemental notice and motion to compel disclosure of securitized title interests and liability of Stewart Title, Docket 59.
- Notice of writ of habeas corpus, Docket 62.
- Notice of treason, Docket 63.
- Judicial notice to enter Mr. Anderson's exhibits on the record, Docket 64.

---

[3] Resolved motions and matters are not included in this list. The Court notes that many of Mr. Anderson's filings contain similar contentions and declarations as those asserted in his prior lawsuit—which was dismissed with prejudice—against some of these same defendants. *See Anderson*, 2023 WL 3764947, at *1–4.

- Motion to compel entry of default and formally charge the Clerk of Court and Judge Camela C. Theeler, Docket 65.
- Motion to compel the Clerk of Court to enter a default judgment against Fairway Independent Mortgage Corporation and motion for sanctions, Docket 66.
- Motion to compel disclosure of securities filings and corporate records for Stewart Information Services Corporation, Docket 67.
- Demand for disclosure of SEC-filed exhibits and securitized financial instruments for Stewart Information Services Corporation, Docket 68.
- Motion to compel the Clerk of Court to enter a default judgment against Fairway Independent Mortgage Corporation and motion for judicial review and sanctions, Docket 69.
- Notice that all records are being preserved by the U.S. Department of Justice, Torts Branch, Docket 70.
- Motion to invoke exclusive equity jurisdiction, Docket 71, and declaration in support, Docket 72.
- Motion for judicial accounting and disclosure of securitized financial instruments, Docket 73.
- Affidavit of harm, identity theft, securities fraud, and international collusion, Docket 74.
- Motion for a forensic audit, Docket 75.
- Motion for leave to file an amended complaint, Docket 76.
- Declaration of lawful intent and notice against false classification as "domestic terrorism," Docket 77.
- Declaration of commercial lien and security interest on unauthorized CUSIP-linked securities created using private estate, Docket 78.
- Judicial notice of fraud on the court, procedural misconduct, and color of law violations by the Clerk of Court, Docket 79.
- Proposed amended complaint, Docket 80.
- Amended challenge to this Court's jurisdiction, Docket 82.
- Judicial notice of status, standing, and jurisdictional rebuttal, Docket 83.
- Judicial declaration and correction of record related to lender identity, Docket 84.
- Notice of claim of security interest, Docket 85.
- Notice of default, Docket 86.
- Declaration of irrevocable durable power of attorney, Docket 88.
- Declaration related to the Clerk of Court's denial of a motion for default, Docket 90.
- Judicial declaration of procedural fraud, improper filing, and clerk malfeasance, Docket 91.
- Judicial notice of standing, Docket 92.

- Clarification of standing, Docket 93.
- Notice of fiduciary assignment by operation of law, Docket 94.
- Notice of fiduciary assignment, Docket 95.
- Judicial notice and affidavit of title and instrument perfection, Docket 96.
- Affidavit of truth, Docket 97.
- Memorandum concerning Plaintiff's standing, venue, and lawful position, Docket 98.
- Affidavit of record filing, Docket 99.
- Notice to Clerk of Courts, Docket 100.
- Judicial notice and declaration of comprehension, Docket 101.
- Judicial notice and demand to investigate undisclosed securities bond creation and fraudulent tradeline substitution, Docket 102.
- Notice of intent to join a new party to the federal action, Docket 103.
- Affidavit/judicial notice and demand for disclosure of holder in due course, Docket 104.
- Affidavit of correction of date of manifestation (Plaintiff's birth) and separation from legal fiction (Plaintiff's certificate of birth), Docket 105.
- Bill of lading with manifestation documents, Docket 106.
- Demand for proof of origin of social security number and fraudulent use, Docket 107.
- Judicial notice of bond fraud and referral for grand jury presentment, Docket 108.
- Declaration and notice of fraud, securitization, and criminal conduct affecting title, Docket 109.
- Supplemental facts, Docket 110.
- Supplemental judicial notice of bond concealment and grand jury grounds for indictment, Docket 111.
- Notice of EIN disclosure request and warning of potential 1099 filings, Docket 112.
- Declaration and notice of fraud, securitization, and criminal conduct affecting title, Docket 113.
- Bill of lading, Docket 114.
- Notice of exhibits on CD-ROM, Docket 115.

## LEGAL STANDARDS

### I.    Rule 12(b)(6) Motion

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

The plaintiff must also meet the pleading requirements of Federal Rule of Civil Procedure 8(a), which requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2); *see Ashcroft*, 556 U.S. at 677–78. A plaintiff asserting fraud claims must meet the requirements of Federal Rule of Civil Procedure 9 by stating "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A pro se complaint, while construed liberally, "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

"When determining whether to grant a Rule 12(b)(6) motion, a court generally must ignore materials outside the pleadings, but it may consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, items appearing in the record of the case, and exhibits attached to the complaint." *Healy v. Fox*, 572 F. Supp. 3d 730, 738 (D.S.D. 2021) (cleaned up). "The consideration of judicially noticed facts, such as public court records, does not convert a motion to dismiss into

one for summary judgment." *Id.* (quoting *Waldner v. N. Am. Truck & Trailer, Inc.*, 277 F.R.D. 401, 406 (D.S.D. 2011)).

## II.    Rule 12(c) Motion

Judgment on the pleadings is appropriate "only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). When, as here, the moving party principally challenges the sufficiency of the allegations in the complaint, review is "under the same standards as a motion to dismiss pursuant to Rule 12(b)(6)." *Doe v. Frontier Lodging of Spearfish, L.L.C.*, 5:24-CV-05076-RAL, 2025 WL 1287462, at *1 (D.S.D. May 5, 2025) (citing *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2008)).

### DISCUSSION

### I.    Mr. Anderson's original complaint

Mr. Anderson's complaint contains a single sentence setting forth his factual allegations: "All allegations remain unchanged and intact, detailing the fraudulent mortgage loan, wrongful foreclosure, fraudulent assignments, and unlawful debt collection." Docket 1 at 7. However, Mr. Anderson does not relate the source of these unchanged and intact allegations, though he could be referring to the allegations in the complaint dismissed in *Anderson*, 2023 WL 3764947. Regardless, the complaint does not contain the "unchanged and intact" factual allegations. As the Supreme Court has explained, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation[,]" *Aschroft*, 556 U.S. at 678, and blanket assertions that the plaintiff is entitled to relief are insufficient, *Twombly*, 550 U.S. at 555 n.3.

Moreover, while Mr. Anderson asserts six specific causes of action against the defendants collectively, he does not plead facts showing alleged wrongful conduct by any particular defendant or facts showing an entitlement to relief under the laws cited in support of each cause of action. *See* Docket 1 at 7–8. For example, in support of his cause of action for fraudulent foreclosure, Mr. Anderson alleges:

> Carpenter v. Longan, 83 U.S. 271 (1872): "A mortgage is void if separated from the note."
> Yvanova v. New Century Mortgage, 365 P.3d 845 (Cal. 2016): Homeowners can challenge void assignments.
> Jesinoski v. Countrywide Home Loans, 574 U.S. 259 (2015): Violations of TILA allow homeowners to rescind mortgages.

*Id.* (bold omitted). He uses the same approach in support of his claims that the defendants violated the Fair Debt Collections Procedures Act, that the defendants engaged in mail and wire fraud, and that the defendants violated the RICO Act.[4] *Id.* at 8.

Mr. Anderson includes a more specific allegation in support of his claim that the defendants violated the Dodd-Frank Act, namely that they "engaged in unfair, deceptive, and abusive acts in mortgage servicing." *Id.* (bold omitted). He also alleges that the defendants violated the Hobbs Act by "engag[ing] in

---

[4] Mr. Anderson's claims of wire and mail fraud implicate criminal statutes, *see* 18 U.S.C. §§ 1341, 1343, but he has not established that these criminal statutes accord a private right of action. *See Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003) (recognizing the strong presumption that a criminal statute does not confer a private right of action).

extortion by fraudulently misrepresenting their legal standing to foreclose and attempting to obtain Plaintiff's home under false pretenses." *Id.* (bold omitted)

However, these assertions are legal conclusions, not factual allegations, and it is well settled that courts are not required to accept as true legal conclusions in a complaint couched as factual allegations. *Ashcroft*, 556 U.S. at 678 (explaining that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Moreover, his fraud allegations fail to satisfy the heightened pleading requirements for fraud claims. "Because one of the main purposes of the rule is to facilitate a defendant's ability to respond and to prepare a defense to charges of fraud, conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Com. Prop. Invs., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995) (internal citation omitted). Finally, Mr. Anderson has not shown that the Hobbs Act, a criminal statute, confers a private right of action. *See Abcarian v. Levine,* 972 F.3d 1019, 1026 (9th Cir. 2020) (determining that the language of the Hobbs Act contains no language manifesting an intent to create a private right of action); *see also Stanard v. Nygren,* 658 F.3d 792, 794 (7th Cir. 2011) (claim raised by a private party under the Hobbs Act is "obviously frivolous" as the statute does not provide a private right of action).

The Court adheres to its obligation to construe pro se filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and has considered Mr. Anderson's additional filings containing information "necessarily embraced" by the

complaint and "information subject to judicial notice[,]" *see Forman v. City of Brookings*, 4:25-CIV-04010-ECS, 2025 WL 2774062, at *3 (D.S.D. Sept. 29, 2025). This includes the existence of the state court foreclosure suit against him, which Mr. Anderson requested be judicially noticed. Docket 42. However, the fact a pro se plaintiff is held to a less stringent pleading standard does not mean the Court is "required to supply additional facts for a pro se plaintiff" or "construct a legal theory that assumes facts which have not been pleaded." *Johnson v. Kaemingk*, 381 F. Supp. 3d 1104, 1110 (D.S.D. 2019).

Because Mr. Anderson's complaint contains mere conclusions that he is entitled to relief, as opposed to sufficient facts showing such an entitlement, he has not satisfied the requirements necessary to avoid dismissal. Therefore, Mr. Anderson's complaint, Docket 1, must be dismissed pursuant to Rule 12(b)(6) and Rule 12(c). *See* 5 Wright & Miller's Federal Practice and Procedure § 1216 (4th ed. 2025) ("[T]he pleading must contain something more . . . than a bare allegation that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

## II.    Mr. Anderson's motions for leave to amend his complaint

Mr. Anderson filed two motions for leave to amend his complaint.[5] Dockets 36 and 76. In the first motion, Mr. Anderson seeks to include Zachary

---

[5] Mr. Anderson also filed a separate proposed amended complaint, Docket 80, without a corresponding motion requesting leave for such amendment. He also did not obtain the defendants' written consent. *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("Filing an amendment to a complaint without seeking leave

Nesbit, an attorney with Halliday, Watkins, Mann, as a defendant in this case and to assert multiple new causes of action based on Mr. Nesbit filing a foreclosure lawsuit on behalf of Idaho Housing and Finance Association in South Dakota state court against Mr. Anderson. Docket 36 at 1–3. However, Mr. Anderson did not attach a proposed amended complaint in support of his first motion as required by D.S.D. Civ. LR 15.1. Therefore, his motion for leave to amend, Docket 36, is denied. *See Ellis v. City of Minneapolis,* 518 F. App'x 502, 504–05 (8th Cir. 2013) (per curiam) (finding no abuse of discretion in denying a pro se plaintiff's motion to amend on the grounds that the plaintiff failed to comply with a local rule requiring submission of a proposed amended complaint).

Mr. Anderson's second motion for leave to amend seeks to add multiple defendants that Mr. Anderson claims "have been identified as financially and legally connected to the pattern of misconduct and fraud giving rise to this action[,]" and new claims based on newly discovered facts. Docket 76 at 2 (bold omitted). Mr. Anderson filed a proposed amended complaint in support of this motion. Docket 76-1.

Federal Rule of Civil Procedure 15 allows a party to amend a pleading "once as a matter of course" no later than 21 days after serving it or, if it is one to which a responsive pleading is required, no later than 21 days after being served with a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed.

---

of court or written consent of the parties is a nullity[.]" (quoting *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985)).

R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Mr. Anderson filed his motion for leave to amend after the deadline to amend as a matter of course. When considering a motion for leave to amend under Rule 15(a)(2), courts should give leave to amend freely when justice so requires. *Id.* However, under limited circumstances, including when an amendment would be futile, denial of leave to amend is appropriate. *Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018). "An amendment is futile if the amended claim 'could not withstand a motion to dismiss under Rule 12(b)(6).'" *Id.* (quoting *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014)).

Here, Mr. Anderson's proposed amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) because it suffers from the same deficiencies as his original complaint—his new assertions are mere legal conclusions not supported by factual allegations. *See Ashcroft*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Therefore, Mr. Anderson's second motion for leave to amend his complaint, Docket 76, is denied.

### III.    Mr. Anderson's remaining motions and filings

#### a. Motion for default judgment

Mr. Anderson filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) against Stewart Title and a related motion to

14

strike the appearances of Stewart Title's attorneys because of Stewart Title's default. Dockets 26 and 27. Mr. Anderson alleges Stewart Title failed to timely respond to the summons and complaint under Federal Rule of Civil Procedure 12 after it was properly served on February 21, 2025. Docket 26 at 1–2.

Accepting Mr. Anderson's proof of service as true, Danial Anderson served Stewart Title with a copy of the summons on February 21, 2025. *See* Docket 14-1 at 9. Therefore, Stewart Title was required to answer or respond by March 14, 2025. *See* Fed. R. Civ. P. 12. Stewart Title filed an answer on March 18, 2025, Docket 18, and thereafter, a response opposing Mr. Anderson's motion for default judgment, Docket 41, and a motion for judgment on the pleadings, Docket 44.

"When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998) (citation omitted). Mr. Anderson contends that the Clerk of Court entered default judgment under Rule 55(a) against Stewart Title on March 14, 2025. Docket 26 at 2. But the record reflects that the Clerk of Court specifically declined to enter default as to Stewart Title on March 13, 2025, "because there is no evidence they have been properly served in this case." Docket 9 at 2. Therefore, Mr. Anderson was wrong to move for a default judgment pursuant to Rule 55(b).

Nevertheless, even if the Clerk had entered default under Rule 55(a), this Court would decline to enter default judgment against Stewart Title. Stewart

Title, though four days late in answering the complaint, has since appeared and indicated its intent to defend the suit. *See* Fed. R. Civ. P. 55(a) (providing that the party must fail to plead or otherwise defend); *see also Belcourt Pub. Sch. Dist. v. Herman*, 786 F.3d 653, 661 (8th Cir. 2015) (recognizing "that default judgments are 'not favored by the law and should be a rare judicial act'" (citation omitted)). Moreover, default judgment would be inappropriate because Mr. Anderson's allegations in his complaint are insufficient to state a claim for relief. *See Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 718 (8th Cir. 2019) (explaining that "it is nonetheless 'incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment'" when a party fails to appear or respond in a timely manner (quoting *Marshall v. Baggett*, 616 F.3d 849, 852–53 (8th Cir. 2010)). Mr. Anderson's motion for default judgment against Stewart Title, Docket 26, is denied, and his related motion to strike the appearances of Stewart Title's attorneys based on his incorrect view that Stewart Title is in default, Docket 27, is denied as moot.

### b. Motion for a temporary restraining order and preliminary injunction

Mr. Anderson moves for this Court "to restrain any foreclosure, eviction, or transfer of title relating" to his residence pursuant to Federal Rule of Civil Procedure 65. Docket 43 at 1. He contends that the "Defendants have initiated or continued foreclosure-related proceedings, eviction, or attempted transfer of the property." *Id.* at 2. Temporary restraining orders and preliminary

16

injunctions are extraordinary remedies, and the party seeking such relief bears the burden of establishing his entitlement to the relief under the *Dataphase* factors. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). Mr. Anderson has failed to meet his burden here. Although he lists the *Dataphase* factors the Court must consider, he asserts only conclusory declarations in support of each factor. *Id.* at 2–3. Therefore, Mr. Anderson's motion for a temporary restraining order and preliminary injunction, Docket 43, is denied.

### c. Motion for sanctions

Mr. Anderson moves that the Court impose sanctions pursuant to Federal Rule of Civil Procedure 11 against the attorney for Stewart Title, alleging he "filed a materially false and misleading corporate disclosure statement (Doc 25) on behalf of Defendant Stewart Title Guaranty Company (STGC)." Docket 57 at 1. More specifically, he asserts that the attorney for Stewart Title omitted in the corporate disclosure statement filed pursuant to Federal Rule of Civil Procedure 7.1(a) that "STGC is a wholly owned subsidiary of Stewart Information Services Corporation (SISC)" and that "SISC trades publicly on the New York Stock Exchange under the symbol STC." *Id.*

Stewart Title identified in its corporate disclosure statement for STGC that it "is a subsidiary of Stewart Information Services Corp." and that "[n]o publicly held corporation owns 10% or more of the stock of STGC." Docket 25 at 1. Mr. Anderson offers only the conclusory assertion that the information related by Stewart Title is false and included to mislead the Court. Therefore, he has not shown sanctionable conduct by counsel for Stewart Title. The Court

therefore denies Mr. Anderson's motion, Docket 57, for sanctions. *See Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003) (recognizing a court's discretion when sanctions are requested).

### d. Motions to compel Clerk of Court Matthew Thelen

Mr. Anderson filed multiple motions seeking to compel Clerk of Court Matthew Thelen to enter default pursuant to Federal Rule of Civil Procedure 55(a) against Fairway Independent Mortgage Corporation (Fairway).[6] Dockets 65, 66, and 69. Mr. Anderson claims that he "filed proper service" on Fairway by serving its chief executive officer by "Certificate of mailing by server" and "Facsimile transmission" and that Fairway has failed to appear or defend. Docket 65 at 2; Docket 66 at 1–2; Docket 69 at 2.

Mr. Anderson moved for entry of default against Fairway on April 18, 2025. Docket 60. He attached in support a copy of a certificate of mailing from the United States Postal Service addressed to Fairway from an address associated with a "Danial Anderson" and a copy of a fax cover sheet to a phone number purportedly associated with Fairway, c/o Steve Jacobson, from "Danial Anderson." Docket 60-1 at 1–2. The Clerk declined to enter default against Fairway after concluding that Mr. Anderson did not comply with the requirements of Federal Rule of Civil Procedure 4(h) and that there was no evidence in the record that Fairway had been properly served. Docket 61.

---

[6] Mr. Anderson's motions to compel also seek sanctions and allege violations of criminal laws by this Court and the Clerk. *See generally* Dockets 65, 66, and 69. Mr. Anderson identifies no basis for an award of sanctions or a right to pursue criminal claims against the Clerk or this Court.

Federal Rule of Civil Procedure 4(h) requires service in the manner prescribed for personal service of an individual under Rule 4(e)(1) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1). Therefore, *personal* delivery is required rather than *mail* delivery, and attempted service by certified mail is not sufficient to constitute "delivering" under Rule 4(h). *See Larsen v. Mayo Med. Ctr.,* 218 F.3d 863, 868 (8th Cir. 2000). Nor does Mr. Anderson direct this Court to any authority supporting that service by facsimile satisfies the requirements of Rule 4(h). Mr. Anderson's motions to compel, Dockets 65, 66, and 69, are denied.

### e. Additional motions and other filings

Mr. Anderson filed additional motions, notices related to his claims, and other requests. *See* Dockets 34, 38, 40, 46, 47, 51, 52, 58, 59, 62, 63, 67, 68, 71–75, 77–79, 82–86, 88, 90–105, 107–113. However, he has not shown entitlement to relief in any regard as it pertains to these motions and filings. Moreover, Mr. Anderson has not presented a sufficient basis to avoid dismissal of his suit against the defendants. Therefore, Mr. Anderson's remaining motions and filings, to the extent they allege claims for relief, are dismissed.

### IV.   Ms. Maurico's request for an award of attorney fees

Ms. Maurico requests an award of attorney fees pursuant to SDCL § 15-17-51, asserting that Mr. Anderson's failure to plead any facts supporting a claim against her renders his complaint frivolous or brought for malicious

purposes. Docket 11 at 4. Ms. Maurico, however, has not presented this Court with sufficient information as to an amount of justification for an award of attorney fees under SDCL § 15-17-51. Therefore, the Court denies the request for attorney fees.

## CONCLUSION

It is hereby

ORDERED that the motion to dismiss by Defendants Halliday, Watkins, Mann, P.C., Jason B. Tingle, Gerald M. Hunter, Stacie Ruffing, Idaho Housing and Finance Association, Gary Ross, and Amber Mauricio, Docket 5, is granted. It is further

ORDERED that Defendant Amber Mauricio's motion to dismiss, Docket 11, is granted. It is further

ORDERED that Defendant Amber Mauricio's request for an award of attorney fees, Docket 11, is denied. It is further

ORDERED that Defendant Stewart Title's motion for judgment on the pleadings, Docket 44, is granted. It is further

ORDERED that Plaintiff Douglas E. Anderson's motions to amend his complaint, Dockets 36 and 76, are denied. It is further

ORDERED that Plaintiff Douglas E. Anderson's motions, Dockets 26, 27, 34, 40, 43, 46, 52, 57, 59, 65–67, 69, 71, 73, and 75, are denied. It is further

ORDERED that Plaintiff Douglas E. Anderson's complaint, Docket 1, is dismissed with prejudice.

Dated December 16, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*

CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE